This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                  **No. A-1-CA-35111**

**WILLIAM DANIEL MARTINEZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John J. Woykovsky, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**FRENCH, Judge.**

{1}     The State of New Mexico (Plaintiff) appeals the district court's orders granting Defendant William Daniel Martinez's motion to dismiss and dismissal of charge without prejudice. Defendant was charged with a single count of aggravated fleeing a law enforcement officer pursuant to NMSA 1978, Section 30-22-1.1 (2003). The sole issue before the district court was whether the deputy's vehicle was an "appropriately marked law enforcement vehicle" pursuant to Section 30-22-1.1(A). The district court found (1) that the law enforcement vehicle "was equipped with red and blue LED lights located within the grill area that were visible through the grill even when not activated[,]" (2) that the vehicle "had a siren, the speakers of which were also located within the grill area[,]" (3) "[t]he vehicle had an antenna that is not common to civilian vehicles[,]" and (4) the deputy "activated his red and blue flashing lights and his siren" resulting in Defendant eluding the deputy. Importantly, the district court also found that the law enforcement vehicle "bore no insignias, stripes, decals, labels, seals, symbols or other pictorial signs or lettering indicating its identity as a law enforcement vehicle." In concluding that the deputy's vehicle was not "appropriately marked" pursuant to Section 30-22-1.1(A), the district court ruled that to be marked, "requires at a minimum some type of readily observable insignia or lettering that conveys the identity or ownership of the vehicle."

{2}    This case raises the same issue, appropriately marked law enforcement vehicle, pursuant to Section 30-22-1.1(A), as the one this Court recently decided in *State v. Montano*, ___-NMCA-___, ¶¶ 1, 35-47, ___P.3d___(No. A-1-CA-35275, March 29, 2018). For the same reasons as those discussed in *Montano*, we reverse.

{3}    **IT IS SO ORDERED.**


_____
**STEPHEN G. FRENCH, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**HENRY M. BOHNHOFF, Judge**